Alfred M. Kramer, J.
The petitioner, James Hodges, is presently detained in the Erie County Correctional Facility at Alden, New York, upon execution of a one-year sentence imposed in the Erie County Court on or about February 8, 1974. It is said that the petitioner’s date of release, in the *1007 ordinary course of events, would be October 1, 1974. While no testimony was taken upon argument of this application, the important facts are not in dispute and they appear to be as follows.
On or about March 9, 1974 an unspecified disorderly incident occurred at the correctional facility, and apparently the petitioner was believed to be an active participant. It is alleged that following this incident the petitioner refused to comply with the reasonable request of a correction officer, and that he was abusive and used foul and profane language toward and against said officer.
Petitioner was then placed in a “ special services cell ” which the petitioner refers to as a “ strip cell ’ ’ where he remained for some nine days until March 19', 1974. This cell is without furnishings or plumbing fixtures, and it is not denied that the petitioner was allowed to wear only underpants, and was not allowed toilet paper, towels or any other paper, nor tooth brush, tooth paste or books. The petitioner alleges that for the first three days of his confinement he refused to eat, and that at one point slashed his wrist with part of an ashtray.
On or about March 19,1974 the petitioner was brought before the respondent and at a proceeding, during which no testimony was taken nor other evidence adduced, was adjudged guilty of unspecified charges and subjected to forfeiture of 30 days’ good time. In addition, he has since then been confined to his cell for 23 hours a day, and is allowed neither radio nor television privileges, nor educational nor recreational classes.
There is no serious claim that the procedure which preceded the imposition of these penalties met with even the minimal requirements of due process. It is far too late in the day to suggest that persons confined to penal institutions upon service of lawful sentences are totally without the protections which apply generally to other citizens. As our Court of Appeals once observed: ‘ ‘ An individual, once validly convicted and placed under the jurisdiction of the Department of Correction * * * is not to be divested of all rights and unalterably abandoned and forgotten by the remainder of society.” (People ex rel. Brown v. Johnston, 9 N Y 2d 482, 485.)
Pending an evidentiary hearing, should the respondent be so advised, the petitioner is to be returned to the general population of the correctional facility, and the forfeiture of 30 days’ good time must be vacated.
In the event the respondent desires to proceed further with regard to charges against the petitioner, the evidentiary hear *1008 ing referred to must be conducted upon adequate notice to the petitioner of the charges against him, and he is entitled to know the evidence, written or oral, which is received against him, and is to be given an opportunity to reply thereto. At the conclusion of such a hearing, findings of fact should be made upon a record which, although it need not be verbatim, should be of such character that a review can be made of the findings, either by. administrative appeal or upon a judicial, proceeding, so as to permit a determination to be made as to whether or not the findings made are supported by substantial evidence.
I am not unmindful of the fact that apparently the petitioner did attempt at some point to inflict injury upon himself. However, one such isolated incident, the seriousness of which is not detailed, is not in and of itself sufficient to justify what is in effect punitive confinement.
Inasmuch as the .writer will not be readily available to sign an order upon this decision, I am taking the somewhat unusual step of' incorporating an order in this decision as follows:
Upon reading and filing the annexed writ of habeas corpus, which was returnable before this court on the 25th day of April, 1974, and the petition and supporting affidavit which are annexed thereto, the return of the respondent, sworn to on the 25th day of April, 1974, and upon all the proceedings heretofore had, it is ordered, that the petitioner, James Hodges, be forthwith returned to the general population of the Erie County Correctional Facility, there to remain until and unless an evidentiary hearing is conducted pursuant to this decision; and it is further ordered, that the forfeiture of 30 days’ good time be and the same hereby is vacated; and it is further ordered, that additional or different relief may be applied for by either the petitioner or the respondent at the foot of this judgment should either of them be so advised.